Ernestine **MISOURIA**, Plaintiff–Appellant,

v.

**ELI LILLY & COMPANY,** Defendant–Appellee.

No. 09–4454–cv.

United States Court of Appeals, Second Circuit.

Oct. 4, 2010.

Lowell W. Finson, Phillips & Associates, Phoenix, AZ, for Plaintiff–Appellant.

Nina M. Gussack (Andrew R. Rogoff and Eric Rothschild, on the brief), Pepper Hamilton LLP, Philadelphia, PA, for Defendant–Appellee.

PRESENT: WALKER, JOSÉ A. CABRANES and CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Ernestine Misouria appeals from a judgment of the District Court granting the motion for summary judgment of defendant-appellee Eli Lilly and Company ("Eli Lilly") in a claim for personal injury damages allegedly caused by Zyprexa, an antipsychotic medication manufactured by Eli Lilly. Misouria, who suffers from schizophrenia, was prescribed Zyprexa consistently between 1998 and 2005. In May 2005, Misouria was diagnosed with diabetes. Misouria asserts that Zyprexa caused her diabetes and that she would not have been prescribed Zyprexa had Eli Lilly properly warned of the drug's dangers. We assume the parties' familiarity with the facts, procedural history and issues raised on appeal.

We review orders granting summary judgment *de novo*, and we will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Redd v. Wright*, 597 F.3d 532, 535–36 (2d Cir.2010).

In order to establish a claim based on a manufacturer's failure to warn under California law,[1] Misouria must demonstrate that, among other things, the "inadequacy of [Eli Lilly's] warnings was the proximate cause of [her] injury." *Plummer v. Lederle Labs., Div. of Am. Cyanamid Co.*, 819 F.2d 349, 358 (2d Cir.1987) (applying California state law); *see also Carlin v. Superior Court of Sutter Cty.*, 13 Cal.4th 1104, 56 Cal.Rptr.2d 162, 920 P.2d 1347, 1353–54 (1996). Moreover, California law recognizes the "learned intermediary" exception in failure-to-warn cases: "if adequate warning of potential dangers of a drug has been given to doctors, there is no duty by the drug manufacturer to insure that the warning reaches the doctor's patient for whom the drug is prescribed." *Carlin*, 56 Cal.Rptr.2d 162, 920 P.2d at 1354. As a result, summary judgment is warranted under the learned intermediary doctrine unless the plaintiff can demonstrate that the prescribing physician "would have acted differently had ... an adequate warn-

---

1. It is undisputed that California's substantive law and statute of limitations rules govern this action, which was filed in and which arises from events occurring in California and was transferred to the Eastern District of New York pursuant to an order of the Judicial Panel on Multidistrict Litigation. *See Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir.1993) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)).

ing" been provided. *Motus v. Pfizer, Inc.*, 196 F.Supp.2d 984, 999 (C.D.Cal.2001).

After *de novo* review, we hold, substantially for the reasons stated in the well-reasoned opinion of the District Court, *In re: Zyprexa Prods. Liab. Litig.*, Nos. 04–MD–1596, 06–CV–2782, 2009 WL 1851999, at *14 (E.D.N.Y. June 24, 2009), that there is "no evidence" that Misouria's treating psychiatrists would have altered their decision to prescribe Zyprexa had a different warning been provided by Eli Lilly. Indeed, with respect to Dr. Muñoz, who prescribed Zyprexa to Misouria continuously between 2003 and 2005, the record reveals that not only was her prescribing physician aware of the link between Zyprexa and diabetes, but that notwithstanding that knowledge he continues to prescribe Zyprexa to patients in similar positions to Misouria today. *Id.* at *12. Misouria has therefore failed to establish that Eli Lilly's allegedly inadequate warnings regarding the risks associated with Zyprexa were the proximate cause of her diabetic condition.

### CONCLUSION

We have considered each of Misouria's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the judgment of the District Court.